Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

Case No:   14-30113

v.

BRIAN MADDEN,

    *Defendant.*

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.   Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX   (1)   The Government moved for detention at Defendant's first appearance pursuant to:

      XX   18 U.S.C. § 3142(f)(1).

      ___   18 U.S.C. § 3142(f)(2).

___   (2)   A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).   See part D for findings.

**B.   Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___   (1)   Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

  __    (2)    The offense described in finding was committed while Defendant was on release pending trial for a federal, state or local offense.

  __    (3)    A period of less than five years has elapsed since

            __    the date of conviction, **or**

            __    Defendant's release from prison for the offense described in finding (B)(1).

  __    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.**    **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that Defendant has committed an offense:

      __    for which a maximum prison term of ten years or more is prescribed in the _____[1], **or**

      __    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

      __    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

      __    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

      XX    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

      __    the probable cause findings above establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**D.**    **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

  __    (1)    There is a serious risk that Defendant will not appear.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

__   (2)   There is a serious risk that Defendant will endanger the safety of another person or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__   by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__   by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure Defendant's appearance; **or**

XX   both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), I must at the threshold consider Defendant's argument that the presumption in favor of detention does not apply. Counsel for Defendant contends that the presumption cannot apply as the first crime charged in the Complaint involves only an attempt, and as the affidavit concedes there was no minor child involved, but in actuality an adult DHS agent, acting under cover. In support of his argument, counsel cites *United States v. Kahn*, 532 F. Supp. 2d 1278 (W.D. Wash. 2007). The Government maintains that the presumption does apply, citing 18 U.S.C. § 3142(e)(3)(E). After considering the arguments of counsel and reviewing the *Kahn* case, for the reasons that follow, I conclude that *Kahn* is distinguishable and that the presumption does apply.

In *Kahn*, the sole issue was whether the mandatory bond provisions of the Adam Walsh Act governed the setting of conditions of release. The magistrate judge deciding the case held

that the mandatory provisions did not apply, in part because he found that there was in fact no actual child victim. In contrast to this case, no issues of detention were raised in *Kahn*. Moreover, as to defense counsel's substantive arguments, it is the standing law of this circuit that an attempt charge under 18 U.S.C. § 2251 does not require the Government to prove that a defendant intended to actually engage in sexual activity, but only that a defendant intended to persuade a minor to do so. *United States v. Hughes*, 632 F.3d 956, 961 (6th Cir. 2011). Nor, on an attempt charge, does the Government have to prove that the individual the defendant attempted to entice was actually a minor. *United States v. Hart*, 635 F.3d 850, 855 (6th Cir. 2011); *United States v. Fuller*, 635 F.3d 371, 378 (6th Cir. 2003). In addition, the Government is correct that two of the charging statutes contained in the Complaint, 18 U.S.C. §§ 2251 and 2252A(a)(2), are specifically referenced in 18 U.S.C. § 3142(e)(3)(E) as included within the presumption in favor of detention. For these reasons, I conclude that the presumption applies. The Court must next consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offenses charged involve the attempted sexual exploitation of a minor and possession of child pornography. I find from review of the sworn affidavit supporting the Complaint that there is a definite weight of evidence supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 41 years of age. Defendant is a citizen of Ireland, has an Irish passport and is in the United States on a Green Card due to expire in January 2016. Defendant is married with two children, a son age 12 and a daughter age 9. Defendant's parents reside in Dublin, Ireland, and Defendant's brother resides in Finland.

Defendant works for a technology company as a principal consultant in the software and coding department. He often works from home, although he also regularly visits the company's offices in Flint. Defendant informed Pretrial Services that he must have access to two laptop

computers and that Pretrial monitoring of his computer use is incompatible with his work. Defendant reported some prior use of marijuana in college, and has no prior criminal history.

Counsel for Defendant argues that Defendant is a candidate for bond, proposing conditions such as installation of a tether, regular reporting and drug testing. The Government contends that the presumption in favor of detention has not been rebutted and notes that Defendant faces a lengthy potential mandatory minimum sentence.

After considering the evidence under the standards set forth in the Bail Reform Act, for the reasons which follow, I conclude first that the presumption in favor of detention has not been rebutted and second that there are no conditions or combination of conditions which will reasonably assure either Defendant's appearance or the safety of the community, especially his two minor children. While Defendant's wife and children are in this country, his remaining family are in two different foreign countries. With the appropriate level of Internet access, Defendant could effectively continue his work anywhere in the world. This fact coupled with the potential penalties he faces gives rise, I conclude, to a nearly irresistible temptation to flee if given the opportunity. In addition, conspicuously absent from defense counsel's suggestions are any conditions relating to computer usage, or more importantly, any of the Adam Walsh Act mandatory conditions.

As to the dangerousness factor, after reviewing the lengthy and extremely explicit Internet conversations repeated verbatim in the sworn affidavit supporting the Complaint, I can come to no other conclusion but that Defendant poses a substantial danger, both to the community and to his own children, if released.

For all these reasons, the Government's motion to detain is GRANTED.

**Part III - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: March 20, 2014                                   United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this order was electronically filed this date, electronically served on all counsel of record through the Court's CM/ECF system, and served on Pretrial Services and the U.S. Marshals Service by other electronic means.

Date: March 20, 2014            By      s/*Jean L. Broucek*
                                Case Manager to Magistrate Judge Binder